IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOYA CORPORATION, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03629-M |
| | § | |
| ALCON INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (ECF No. 13). For the following reasons, the Motion is GRANTED in part and DENIED in part.

### I.   Factual and Procedural Background

Plaintiffs HOYA Corporation, HOYA Surgical Optics, Inc., HOYA Medical Singapore PTE LTD, and HOYA Lamphun LTD (collectively "HOYA") filed this patent infringement action against Defendants Alcon Inc., Alcon Laboratories, Inc., Alcon Research, LLC, and Alcon Vision, LLC (collectively "Alcon"). The Plaintiffs assert that the Defendants are directly, indirectly, and willfully infringing U.S. Patents Nos. 9,901,442 ("the '442 Patent"), 9,980,811 ("the '811 Patent"), 9,655,718 ("the '718 Patent"), 9,877,826 ("the '826 Patent"), 9,907,647 ("the '647 Patent"), and 10,039,668 ("the '668 Patent") (collectively, "Patents-in-Suit"). *See* Am. Compl. (ECF No. 49) ¶¶ 1, 24–29, 36, 45–120.

HOYA is a developer of intraocular lens ("IOL") technology. The Patents-in-Suit are alleged to cover IOL insertion devices, specifically HOYA's "iSert injector system," which mechanically folds lenses during cataract surgery so that surgeons do not have to fold them

manually. *Id.* ¶¶ 32–35. Alcon manufactures an injector called UltraSert, which HOYA alleges infringes the Patents-in-Suit. *Id.* ¶ 37.

Alcon moves to dismiss all of HOYA's claims, or, in the alternative, to dismiss HOYA's claims for (1) pre-suit induced, contributory, and willful infringement, (2) post-suit willful infringement, and (3) post-suit contributory infringement of the folding configuration and apparatus claims.

Alcon moved to dismiss on February 19, 2021. ECF No. 13. The Motion included a request for dismissal under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. On July 29, 2021, Alcon filed a Notice consenting to personal jurisdiction in the Northern District of Texas for this litigation. ECF No. 45. On August 3, 2021, HOYA filed its First Amended Complaint ("FAC"). ECF No. 49. The parties stipulated that the non-jurisdictional parts of Alcon's previously filed Motion to Dismiss would apply to the allegations in the FAC. ECF No. 51.

## II.  **Legal Standard**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a 12(b)(6) motion to dismiss, a complaint must allege sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the complaint does not need "detailed factual allegations" as long as the plaintiff provides the grounds of his entitlement to relief. *Id.* The court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). The Court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. Analysis

Alcon raises three main arguments in its Motion to Dismiss. First, it urges that HOYA's Complaint fails to allege Alcon had pre-suit knowledge of the Patents-in-Suit, a necessary element for indirect and willful infringement. Second, Alcon maintains that HOYA did not plead facts supporting pre-suit intent to infringe, also a requirement of indirect and willful infringement. Third, Alcon argues that HOYA did not sufficiently plead contributory infringement of the asserted claims by UltraSert.

The Court concludes that the FAC satisfactorily pleads that prior to suit, Alcon had knowledge of and intent to infringe the Patents-in-Suit, and thus, that HOYA has stated claims for pre-suit indirect, contributory, and willful infringement. The Court also finds HOYA has partially stated a claim for contributory infringement.

#### a. Pre-Suit Knowledge of the Patents-in-Suit

Indirect and willful infringement require actual knowledge of, or willful blindness to, the existence of the patent alleged to have been infringed. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011); *Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found to have "willfully" infringed a patent of which the party had no knowledge."); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) (willfulness requires the defendant to "know[] or hav[e] reason to know of facts which would lead a reasonable man to realize [its] actions are unreasonably risky" (internal quotations omitted)).

There are two types of indirect infringement under 35 U.S.C. § 271(b)–(c): induced infringement and contributory infringement. "Inducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914

F.3d 1310, 1334 (Fed. Cir. 2019). Contributory infringement occurs when a party offers to sell a part of the invention, which is made especially for the invention and otherwise has no substantial non-infringing uses. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Both induced and contributory infringement have a knowledge requirement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

HOYA alleges that "Alcon is a direct competitor of HOYA in the IOL insertion device market," and "Alcon's patents cite a number of patent applications and publications by the named inventors of the Patents-in-Suit and/or within the same family as the Patents-in-Suit." FAC ¶ 45 (citing seven Alcon patents). The Court can reasonably infer that Alcon knew of the Patents-in-Suit. *See generally Soverain IP, LLC v. Microsoft Corp.*, No. 217CV00204RWSRSP, 2018 WL 1465792, at *2; *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 215CV1274JRGRSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), report and recommendation adopted, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016); *cf. WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 n.4 (Fed. Cir. 2018).

The Federal Circuit has not held that the plausibility standard articulated in *Twombly* requires extensive factual pleading of knowledge in a patent case, and this Court finds no requirement, in existing law, that the elements of indirect and willful infringement need to be pled with particularity. *Cf.* Fed. R. Civ. P 9(b) (requiring that allegations of fraud be pled with particularity). HOYA has sufficiently pleaded allegations of pre-suit knowledge by Alcon.[1] If the facts do not substantiate pre-suit knowledge, these allegations can appropriately be resolved at the summary judgment stage.

---

[1] Because the Court finds that HOYA sufficiently alleged Alcon had pre-suit knowledge of the Patents-in-Suit, the Court need not reach whether HOYA has sufficiently alleged that Alcon was willfully blind to the existence of the Patents-in-Suit.

### b. Pre-Suit Intent to Infringe

For pre-suit induced infringement, HOYA must "plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *Bill of Lading*, 681 F.3d at 1339). Alcon challenges the adequacy of HOYA's pleading, claiming it did not plead pre-suit knowledge by Alcon that its conduct constituted infringement.

Alcon argues that the FAC merely recites the intent requirement for induced infringement, *i.e.*, that Alcon acted with specific intent to infringe. Mot. at 18; *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). The Court concludes that HOYA has sufficiently alleged specific intent by incorporating into the FAC promotional materials of Alcon that instruct users to operate the UltraSert in a way that infringes at least one claim of the Patents-in-Suit. FAC ¶¶ 37, 40–42, 46, 65, 74, 87, 100, 111, 119. *See generally Albritton v. Acclarent, Inc.*, No. 3:16-CV-03340-M, 2017 WL 6628122, at *5 (N.D. Tex. Dec. 27, 2017); *Mobile Enhancement Sols. LLC v. HTC Corp.*, No. 3:12-CV-00794-M, 2013 WL 12137006, at *2 (N.D. Tex. Mar. 6, 2013). If the Plaintiff cannot prove these allegations, they should be resolved on summary judgment.

In addition, Alcon argues that to impute specific intent to the various Alcon parent and subsidiary entities joined as defendants, HOYA needed to, but did not, allege information about each respective Alcon entity's involvement in the prosecution of the Patents-in-Suit. According to Alcon, merely identifying the corporate relationships is insufficient to impute any knowledge of the Patents-in-Suit based on Alcon's prosecution of its own patents to Alcon entities uninvolved with prosecution. Mot. at 17. Alcon cites to this Court's decision in *ZitoVault, LLC*

-5-

*v. International Business Machines Corp.* for the proposition that the Plaintiff "needs to set out, in its Complaint, more than just the bare facts of the parent/subsidiary relationship in order to plausibly allege" that a subsidiary has the same knowledge of a patent as its parent corporation. No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018). Here, the FAC contains no specific allegations regarding the involvement or knowledge of any particular Alcon Defendant beyond bare allegations of a parent/subsidiary relationship, *i.e.*, that Alcon Inc. is the parent corporation of Alcon Laboratories, Inc., and Alcon Research, LLC, and that Alcon Vision, LLC is an affiliate of Alcon Inc. FAC ¶¶ 13–16.

However, when reviewing a motion to dismiss, the Court considers the Complaint, and can consider other sources, such as prosecution history and records on agency websites.[2] *ZitoVault*, 2018 WL 2971131, at *2 n.4. Records of the United States Patent and Trademark Office reflect that in-house counsel who prosecuted six of the Alcon patents HOYA cites in the FAC as the basis of Alcon's knowledge worked for various Alcon entities joined as Defendants. *E.g.*, Opp. App. (ECF No. 23), at A523 (attorney identified as working for Alcon Research, Ltd.[3]), A546 (same attorney identified as working for Alcon, Inc.); *id.* at 518–84, A618–30; *see also* FAC ¶ 45. Alcon Laboratories, Inc. is also publicly listed on a premarket approval application with the FDA for one of Alcon's intraocular lenses. Opp. App. at A611. As stated, HOYA has sufficiently pleaded facts to support a reasonable inference that Alcon had knowledge of the HOYA patents, and because of the interconnected relationships among the Alcon entities through their counsel, the knowledge is attributable to the Alcon entities named in this lawsuit.

---

[2] *See, e.g.*, *Assignment abstract of title for Application 13476556*, United States Patent and Trademark Office (ECF No. 23 at A627); Premarket Approval (PMA), FDA, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?id=P930014S096
[3] According to the FAC, Defendant Alcon Research, LLC was formerly known as Alcon Research, Ltd. FAC ¶ 15.

### c. Willful Infringement

Alcon further asserts that HOYA did not sufficiently state a claim for enhanced damages under a theory of willful infringement. Under 35 U.S.C. § 284, a court may enhance patent infringement damages to compensate for willful infringement that is particularly egregious. As this Court has previously explained, a plaintiff can allege willful infringement in two ways. First, a plaintiff can plead facts "that a defendant infringed despite pre-suit knowledge of the asserted patent." *ZitoVault*, 2018 WL 2971131, at *2. Second, a plaintiff can plead facts that show "the defendant continues to infringe the asserted patent, despite the suit." *Id.* Here, HOYA pleads both. HOYA alleges that "Alcon's infringement of the Patents-in-Suit has been, and continues to be, willful because Alcon has committed and continues to commit acts of infringement even though Alcon knew or should have known that its actions constituted an unjustifiably high risk of infringement." FAC ¶ 51. Therefore, HOYA has sufficiently alleged willful infringement of the Patents-in-Suit.

### d. Post-suit Contributory infringement

Contributory infringement occurs when a party sells or offers to sell a part or apparatus for use in practicing a patented process, and that part or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party "to be especially made or especially adapted for use in an infringement of such patent." *Bill of Lading*, 681 F.3d at 1337. To succeed on a claim of post-suit contributory infringement, a plaintiff must show that the defendant "knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotation marks omitted) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,

424 F.3d 1293, 1312 (Fed. Cir. 2005)). "A substantial non-infringing use is one that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Bill of Lading*, 681 F.3d at 1337 (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed. Cir. 2009)).

Alcon makes two arguments that HOYA fails to state a claim for contributory infringement of certain of the Patents-in-Suit. First, Alcon argues that HOYA does not plausibly allege contributory infringement of what Alcon refers to as the "folding configuration" claims via Alcon's UltraSert product, because the FAC does not plausibly allege that the UltraSert has no substantial non-infringing uses. Second, as to the claims that Alcon refers to as the "apparatus" claims, Alcon contends that the FAC does not plausibly allege any component of the UltraSert offered for sale that could serve as the basis for HOYA's contributory infringement claim. Each argument will be discussed in turn.

### 1. "Folding Configuration" Claims

Alcon identifies the claims of the '442, '811, '668, '718 and '826 Patents as the "folding configuration claims,"[4] and argues that the claims of these patents all require a particular folding configuration of the IOL within the insertion device. Mot. at 3. For example, claim 1 of the '442 Patent reads:

> An intraocular lens insertion apparatus, comprising:
>
> > a main body;
> >
> > an intraocular lens including an optic and haptics, each haptic having a free end, stored in the main body in such a manner that one of the haptics is a proximal haptic and one of the haptics is a distal haptic;

---

[4] HOYA disputes that the claims identified by Alcon in its Motion to Dismiss are the only Patents-in-Suit that contain "folding configuration" and "apparatus" claims, pointing to Alcon's acknowledgement that the claims identified in the FAC are merely exemplary. HOYA states it will identify all asserted claims of the Patents-in-Suit at the "appropriate stage of the case." Opp. at 20 n.14.

-8-

> a nozzle associated with the main body and configured to be inserted into an eye; and
>
> a plunger, carried within the main body and movable relative to the main body from a first position to a second position at the nozzle, including a lens contact portion and a recess that is located above the lens contact portion, that extends proximally from the lens contact portion, that has a first lateral side that is open, a second lateral side that is closed by a lateral wall, and an open distal end, wherein the plunger is configured to hold a portion of the proximal haptic in the recess when the proximal haptic is **bent such that the free end of the proximal haptic is positioned over the optic**.

'442 Patent, cl. 1 (emphasis added).

The folding configuration claims require either that "the free end of the rear haptic is positioned over the optic portion of the IOL" ('442, '811, and '668 Patents) or that "the end of the rear haptic is in the space between the folded portions of the optic" ('718 and '826 Patents). The FAC alleges that Alcon contributorily infringes the folding configuration claims by selling the accused product, Alcon's UltraSert, to be used by Alcon's customers and end users, and that the UltraSert has no substantial non-infringing uses. *E.g.*, FAC ¶¶ 63, 65.

Alcon argues that the FAC incorporates promotional marketing material showing that the haptics of the UltraSert can be used in such a way that does not satisfy the specific folding limitations described by the folding configuration claims, and accordingly, the FAC does not plausibly allege that the UltraSert has no substantial non-infringing uses. The component of the UltraSert that HOYA alleges infringes the Patents-in-Suit appears to be the haptics, which are folded in a way to deliver the lens through a slot. Alcon points to Paragraphs 40–42 of the FAC, which include links to public videos on Alcon's website depicting how to use Alcon's IOL, as well as screenshots from the videos. Alcon contends that these links and videos portray non-infringing configurations of the UltraSert in which the rear haptic is not positioned over the optic or between the folded portions of the optic, as required by the folding configuration claims. Specifically, Alcon identifies four non-infringing configurations of the UltraSert portrayed in the

video: one in which the rear haptic is fully extended away from the optic, one in which the rear haptic is partially extended away from the optic, one showing multiple folding configurations of the rear haptic being partially and fully extended, and one comparing a "tucked" rear haptic configuration to a "loosely looped but not straight" configuration. Mot. at 21–22. Thus, because the FAC contains information indicating that the UltraSert has substantial, non-infringing uses, Alcon argues that HOYA fails to state a claim for contributory infringement of the folding configuration claims.

HOYA responds that these purported non-infringing configurations cannot be substantial because they actually depict a malfunctioning, unintended use of Alcon's IOL, as these configurations are shown in Alcon's marketing materials with a red "do not" symbol. Opp. at 22. However, HOYA refers only to the configurations where the rear haptic is extended away from the optic, either partially or fully, and does not address the "loosely looped but straight" rear haptic configuration that Alcon identifies. Indeed, the video describing the UltraSert linked in Paragraph 42 of the FAC describes the "loosely looped but not straight" configuration as one of "various normal configurations" of the IOL. *See* FAC ¶ 42.

"Whether a use is substantial … cannot be evaluated in a vacuum," and depends on the "use's frequency," the "use's practicality," and the "invention's intended purpose." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (citations omitted). At minimum, the dispute over whether the various configurations are substantial, non-infringing uses indicates a question of fact that is not appropriate for resolution at the pleadings stage. Whether Alcon's alleged non-infringing uses are "normal" turns on questions of fact that cannot be answered at this stage. HOYA has plausibly alleged no substantial non-infringing use, precluding dismissal on those grounds.

### 2. "Apparatus" Claims

Alcon identifies the claims of the '442, '811, and '668 Patents as the "apparatus claims," and argues that HOYA does not identify any "component" of the accused product, UltraSert, that could serve as the basis for a contributory infringement claim as to these apparatus claims. Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is "not itself technically covered by the claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Alcon argues that, instead of identifying a component of the UltraSert that Alcon contributorily infringed, HOYA identifies only the UltraSert as a whole. Mot. at 22. Without identifying a component, a plaintiff cannot allege contributory infringement. *See Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018). Because HOYA's claims for direct infringement likewise rely on the UltraSert, Alcon argues that HOYA does not state a claim for contributory infringement as to these apparatus claims.

HOYA argues that the FAC identifies components of the UltraSert; specifically, the FAC identifies the IOL as consisting of an outer body, a lens placement section, a nozzle, and a plunger, which HOYA contends make up various component parts of the UltraSert. FAC ¶¶ 60, 70, 115–16. HOYA further argues that a Class 2 Device Recall listing on the FDA website, which is incorporated into the FAC by reference, supports an inference that UltraSert's components are sold separately. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider a complaint in its entirety, including documents incorporated into the complaint by reference).

The FAC contains links to two FDA websites: one describing a device recall from 2016, and a second describing a recall from 2020. FAC ¶ 39.[5] The FDA websites list only the product usage of the UltraSert, and are silent as to whether its component parts are or can be marketed separately. While the FAC references component parts of the UltraSert, such as the body, nozzle, and plunger, it never expressly alleges that the components of the IOL are or can be sold separately. Instead, the FAC alleges only that Alcon sells the UltraSert. *See* FAC ¶ 40.

HOYA further points out that the FDA gave Alcon premarket approval to modify the UltraSert's directions for use to include instructions for removing the IOL from the injector. For support, HOYA cites a notice issued by the FDA announcing the premarket approval. Opp. App. at A614–17. From this premarket approval, HOYA maintains, an inference can be drawn that Alcon considers the UltraSert to be a collection of components—*i.e.*, that in its marketing materials and user instructions, the IOL is treated separately from the injector.

However, the FAC does not quote or incorporate the FDA notice of premarket approval. Although courts may take judicial notice of information found on agency websites, *see ZitoVault*, 2018 WL 2971131, at *2 n.4, the FDA approval does not specify that components of the UltraSert could be or are sold separately, and HOYA does not allege in the FAC that Alcon sells any component of the UltraSert separately. Accordingly, because the FAC does not identify a specific component part of the UltraSert that is sold separately, the FAC does not state a claim for contributory infringement of the "apparatus claims" of the '442, '811, and '668 Patents. However, HOYA has leave to amend the FAC to address this deficiency.

---

[5] Paragraph 40 of the FAC cites two FDA websites: *Class 2 Device Recall*, FDA, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfres/res.cfm?id=148530 (last updated Sept. 27, 2021), and *Class 2 Device Recall Acrysof.IQ IOL w/UltraSert, System*, FDA, https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfRes/res.cfm?ID=18124 (last updated Sept. 27, 2021).

-12-

-13-

## IV.     Conclusion

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. The FAC states a claim against Alcon for indirect and willful infringement. The FAC further sufficiently alleges that the UltraSert has no substantial non-infringing uses as to the "folding configuration" claims of the '442, '811, '668, '718 and '826 Patents, but does not state a claim of contributory infringement of the '442, '811, and '668 Patents because it fails to specify a component part of the UltraSert that is sold separately. HOYA has leave to amend the FAC within fourteen days after this Order is entered to address this deficiency.

**SO ORDERED**.

September 30, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE