IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOYA CORPORATION, HOYA SURGICAL OPTICS, INC., HOYA LAMPHUN LTD., and HOYA MEDICAL SINGAPORE PTE LTD.,<br>        Plaintiffs<br>    v.<br>ALCON INC., ALCON LABORATORIES, INC., ALCON RESEARCH, LLC, and ALCON VISION LLC,<br>        Defendants.<br><br>ALCON LABORATORIES, INC., ALCON RESEARCH, LLC, and ALCON VISION LLC,<br>        Counterclaim Plaintiffs,<br>    v.<br>HOYA CORPORATION, HOYA SURGICAL OPTICS, INC., HOYA LAMPHUN LTD., and HOYA MEDICAL SINGAPORE PTE LTD.,<br>        Counterclaim Defendants. | No. 3:20-cv-3629-M<br><br>**FILED UNDER SEAL** |

## **MEMORANDUM OPINION AND ORDER**[1]

Defendants Alcon Inc., Alcon Laboratories, Inc., Alcon Research, LLC, and

Alcon Vision LLC (collectively, "Alcon" or "Defendants") have filed a Motion to Compel

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

-1-

Production of Improperly Withheld and Redacted Documents and to Stay Discovery, *see* Dkt. No. 177 (the "MTC"), which United States District Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b), *see* Dkt. No. 211.

After briefing closed on the MTC, *see* Dkt. Nos. 178, 190, 198, 213, and 222, the undersigned heard oral argument on October 31, 2022 and determined to issue a partial ruling on the MTC as to the challenge to 20 documents that Plaintiffs HOYA Corporation, HOYA Surgical Optics, Inc., HOYA Lamphun Ltd., and HOYA Medical Singapore Pte Ltd. (collectively "HOYA" or "Plaintiffs") have produced but now clawed back.

The undersigned has reviewed the parties' briefing and public, sealed, or in camera submissions regarding those documents.

As the parties agreed at oral argument, Federal Rule of Civil Procedure 26(b)(5)(B) governs the procedure for resolving these claw-back disputes, along with Federal Rule of Evidence 502(b), and Federal Circuit law governs these discovery disputes over materials relating to issues of substantive patent law, *see generally In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir 2000).

"The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients by assuring clients that their disclosures will be held in confidence. The privilege is that of the client, not that of

the attorney." *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 745 (Fed. Cir. 1987) (cleaned up).

"Whether the attorney-client privilege applies should be determined on a case-by-case basis. The privilege exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." *Spalding*, 203 F.3d at 805 (cleaned up). "It protects communications made in confidence by clients to their lawyers for the purpose of obtaining legal advice." *Am. Standard*, 828 F.2d at 745 (cleaned up).

"Accordingly, the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *Spalding*, 203 F.3d at 805 (cleaned up). And the attorney-client privilege extends to communications between an inventor and a patent attorney. *See id.* at 806. It does not matter whether a communication "contain[s] technical information" or "refer[s] to prior art," as long as the "overall tenor of the document indicates that it is a request for legal advice or services." *Id.*

But the Federal Circuit would apply Fifth Circuit law as to any question of waiver by the disclosure of privileged material and has explained:

> It is vital to a claim of privilege that the communication have been made and maintained in confidence. A client waives the attorney-client privilege by failing to assert it when confidential information is sought in legal proceedings. Inquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected. Further inquiry into the substance of the client's and attorney's discussions does implicate the privilege and an assertion is required to preserve it. When

-3-

> a party voluntarily waives attorney-client privilege, that waiver extends to all communications pertaining to the subject matter of the communications.

*GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272-73 (Fed. Cir. 2001) (cleaned up).

And, "[g]enerally disclosure of confidential communications or attorney work product to a third party, such as an adversary in litigation, constitutes a waiver of privilege as to those items." *Genentech, Inc. v. United States Int'l Trade Comm'n*, 122 F.3d 1409, 1415 (Fed.Cir.1997). "When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside of the reaches of the privilege." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir.1999) (footnote omitted). And "disclosure of any significant portion of a confidential communication waives the privilege as to the whole." *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (cleaned up).

HOYA urges the Court to follow a few other judges in this circuit who have decided to, as to "when the attorney-client privilege applies to communications between nonlegal employees who intend to seek legal advice," "adopt the 'dominant intent' standard articulated in other opinions," under which "the key question in cases where employees discuss their intent to seek legal advice is whether the 'dominant intent' of the communication is to prepare the information in order to get legal advice from the lawyer." *TIGI Linea Corp. v. Pro. Prod. Grp.*, LLC, No. 419CV00840RWSKPJ, 2020 WL 7773581, at *4, *5 (E.D. Tex. Dec. 30, 2020) (cleaned

up). The undersigned finds that HOYA's submissions do not fit within this standard with one exception.

The Court takes up in turn each of those documents that Alcon asks the Court to order HOYA to produce after overruling HOYA's privilege claims on each clawed-back document.

1. **HOYA00144650 (IC Ex. C), HOYA00577051-055 (Ex. 72), HOYA0057033 (Ex. 74)**, **HOYA00577034-577035, HOYA00577058, HOYA00577060-577064, HOYA00577079-577080, HOYA00577298-577300 (IC Ex. 75)**

The Court determines that HOYA has not met its burden to show that these documents, even if later sent to attorneys as part of privileged communications, are themselves protected from disclosure as attorney-client privileged communications. Even looking to the so-called dominant interest test, HOYA has not presented evidence to establish that the dominant intent of preparing these documents was to prepare the information to get legal advice from the lawyer. The Court overrules HOYA's privilege claims and orders HOYA to produce these related documents to Alcon's counsel.

2. **HOYA's First and Second Logs (IC Exs. A and B)**

The Court determines that any claim of privilege over the information on these two 3-page logs was waived through these short documents' disclosure, through counsel, to Alcon's counsel. HOYA has not presented evidence to support a finding that their disclosure was inadvertent and that the claw-back was made with enough diligence to justify a finding of no waiver under Federal Rule of Evidence 502(b). The

Court overrules HOYA's privilege claims and orders HOYA to produce the two original first and second logs to Alcon's counsel.

        3.      **HOYA00278849 (IC Ex. D), HOYA00278682-83 (IC Ex. E)**

HOYA has not provided a sufficient justification for clawing back the original produced versions of these documents with substantial redactions for privilege. The Court overrules HOYA's privilege claims and orders HOYA to produce to Alcon's counsel these documents as originally produced.

        4.      **HOYA00397666 (IC Ex. F), HOYA00430102, HOYA00310669 (IC Exs. G, H), HOYA00411112 (IC Ex. I), HOYA00171148, HOYA00171149 (IC Exs. J, K), HOYA00201516 and HOYA00201517 (IC Ex. L)**

Even looking to the so-called dominant interest test, HOYA has not presented evidence to establish that the dominant intent of preparing the notes or communications among nonlawyers at issue (and in at least one case later redacted) in these documents was to prepare the information to get legal advice from the lawyer. The Court overrules HOYA's privilege claims and orders HOYA to produce the originally produced versions of these documents to Alcon's counsel.

        5.      **HOYA00542592, HOYA00542598 (IC Exs. M, N)**

Looking to the so-called dominant interest test, HOYA has presented evidence to establish that the dominant intent of preparing the notes and communications among nonlawyers at issue (and later redacted) in these documents was to prepare the information to get legal advice from the lawyer. The redacted materials here fit within the scope of what now-Chief Judge Lee H. Rosenthal has described as

"[m]aterials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice [that] are comparable to notes a client would make to prepare for a meeting with her lawyer – notes which could serve as an agenda or set of reminders about things to ask or tell counsel." *Havel v. Dentsu McGarry Bowen UK, Ltd.*, No. Civ. A. H-13-1291, 2015 WL 409837, at *2 (S.D. Tex. Jan. 29, 2015) (cleaned up). The Court is persuaded that the scope of the privilege extends to those materials where "[i]t would undermine the purpose of the attorney-client privilege not to extend protection to such notes." *Id.* (cleaned up). The Court sustains HOYA's privilege claims as to these unredacted documents.

For the reasons and to the extent explained above, the Court grants in part and denies in part Defendants' Motion to Compel Production of Improperly Withheld and Redacted Documents and to Stay Discovery [Dkt. No. 177] – in part, and will address the remainder of the matters in the MTC after the parties complete the additional steps discussed at the October 31, 2022 oral argument.

Finally, although this Order may not contain any confidential information, the Court will, out of an abundance of caution, conditionally enter it under seal because the underlying motion papers quoted or cited above were filed under seal. And the parties are ORDERED to file a joint status report by **November 18, 2022** that (1) sets forth their views on whether this Order contain any confidential information – and, if so, where – and should therefore remain sealed and (2), if at least one party asserts that this Order should remain sealed, attaches for the Court's consideration

a proposed public version of the Order with any and all assertedly confidential information redacted.

SO ORDERED.

DATED: November 3, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE